[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2005
THOMAS K. KAHN
CLERK

No. 04-12910
Non-Argument Calendar

_____

D.C. Docket No. 03-00437-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNAL ALBERTO HENRY-HOWARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 13, 2005)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, appellant pled guilty to possession with intent

to distribute five kilograms or more of cocaine, in violation of 46 U.S.C. app.

§ 1903(a), and the court sentenced him to 108 months' imprisonment. He now appeals his sentence, challenging it on the following grounds:

1) the district court infringed his Fifth and Sixth Amendment rights by setting his offense level at 38, based on the quantity of drugs involved in the offense. According to him, because the indictment charged only that more than 5 kilograms of cocaine were involved in the offense, the court was precluded from finding that approximately 2,038 kilograms were involved.

2) the Sentencing Guidelines are unconstitutional, under <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).[1] Thus, his sentence must be vacated and his case remanded for resentencing.

3) the court abused its discretion by denying his requests for a minor-role reduction of his offense level, and an additional two-level downward departure from that level for substantial assistance.

The Government responds to this by pointing out that the plea agreement contains an appeal waiver; therefore, appellant has waived the right to appeal on the above grounds. We agree.

---

[1]Because appellant filed his brief before the Supreme Court handed down its decision in <u>United States v. Booker</u>, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (which applies <u>Blakely</u>'s rationale to the Guidelines), he relies on <u>Blakely</u>, rather than <u>Booker</u>. We refer to his <u>Blakely</u> claim <u>Blakely/Booker</u>.

"[T]he determination of whether a defendant effectively–that is knowingly and voluntarily–waived his right to appeal his sentence is a question of law that [we] review de novo." United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). We will enforce a sentence-appeal waiver provision contained in a plea agreement where the government demonstrates either that: "(1) the district court specifically questioned the defendant about the waiver during the plea colloquy[;] or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997). "[O]ne of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a right to appeal his sentence and that he was giving up that right." Bushert, 997 F.2d at 1350 (citation and internal quotations omitted).

"[T]he right to appeal a sentence based on [Blakely/Booker] grounds can be waived in a plea agreement," and "[b]road waiver language covers those grounds of appeal." United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005). In Rubbo, we held that, absent any indication that the parties to a plea agreement intended to alter the ordinary meaning of the term "statutory maximum," the exception for "a sentence above the statutory maximum" does not apply to an argument based on the constitutional holdings of Blakely/Booker. See Rubbo, 396 F.3d at 1334-35. Most  recently, in United States v. Grinard-Henry, 399 F.3d

3

1294, 1296-97 (11th Cir. 2005), <u>cert. denied</u>, (U.S. May 16, 2005) (No. 04-9566), we held that the exception for "a sentence in violation of the law apart from the guidelines" does not apply to an argument that the Guidelines are unconstitutional under <u>Blakely</u>/<u>Booker</u> because such a claim "directly involves the application of the sentencing guidelines."

The sentence-appeal waiver in this case is enforceable because, during the plea colloquy, the magistrate judge specifically questioned appellant about the waiver, and he indicated that he fully understood its significance. Additionally, none of the grounds upon which he challenges his sentence is covered by the enumerated exceptions to the general appeal waiver. Accordingly, this appeal is due to be dismissed. However, the written order of judgment and commitment erroneously indicates that appellant was adjudged guilty of *conspiracy* to possess with intent to distribute five kilograms or more of cocaine. Due to this clerical error, we remand the case to the district court for the limited purpose of correcting it. <u>See</u> Fed. R. Crim. P. 36.

**SO ORDERED.**