**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 2, 2005
THOMAS K. KAHN
CLERK

**No. 04-15174**
**Non-Argument Calendar**

_____

D. C. Docket No. 04-20036-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LEONEL GARCIA RIOS,
a.k.a. Meliton Pacheco,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Southern District of Florida**

_____

**(November 2, 2005)**

Before DUBINA, BLACK and HULL, Circuit Judges.

**PER CURIAM:**

Jose Leonel Garcia Rios appeals the district court's acceptance of his guilty plea to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard of a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 1903(a), (j), (g), and 21 U.S.C. § 960(b)(1)(B). The district court did not err in accepting the plea, and we affirm.

Rios claims the district court erred by accepting his guilty plea because the court did not adequately question him about the appeal waiver during the plea colloquy. He contends the record does not clearly show he understood the full significance of the appeal waiver provision. Thus, his plea was not knowing and voluntary, and it should be unenforceable. Rios also asserts even if he was adequately informed about the appeal waiver, the plea is nevertheless unenforceable because the district court confused him when it stated at sentencing that Rios had a right to appeal his sentence.

We review de novo whether there is an effective waiver of the right to appeal a sentence. *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997). A defendant's waiver of his right to appeal must be knowing and voluntary, and to enforce the waiver "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . ., or (2) it is manifestly clear from the record that the defendant

otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

Rios knowingly and voluntarily waived the right to appeal his sentence. As required by *Bushert*, the district court clearly and adequately questioned Rios about the waiver by asking whether he understood that, as part of his plea agreement, he was giving up his right to appeal his sentence, except in limited circumstances, *i.e.*, if the sentence exceeded the maximum permitted by statute, or the court imposed an upward departure from the guideline range. The court also asked Rios whether he understood the appeal waiver provision and the other provisions of the plea agreement the court had discussed with him. Rios stated he understood the waiver provision as well as the court's explanation of it. In addition to the court's explanation, Rios acknowledged he had read and reviewed the entire plea agreement, which had been translated into Spanish, understood "each and every term" in the agreement, and had discussed it with his attorney. Thus, the record satisfies the standard enunciated in *Bushert* for enforcement of the waiver.

Moreover, contrary to Rios' contention, the fact the district court referred to the waiver as a "partial waiver" does not undermine the knowing and voluntary nature of the waiver. The court accurately explained that Rios was only waiving

3

an appeal as to his sentence and that, even as to that waiver, he would not be bound by it in the event of certain contingencies. Similarly, Rios' contention his guilty plea was rendered involuntary or unknowing because the district court advised him of his right to appeal at the conclusion of the sentencing hearing is without merit. *See United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999), *citing Benitez-Zapata*, 131 F.3d at 1446–47 (district judge's remarks at sentencing that defendant had right to appeal within ten days did not invalidate previously entered plea agreement in which defendant waived right to appeal sentence).

Even if the sentence appeal waiver was invalid, the remedy for an unknowing and involuntary sentence appeal waiver is severance. *See Bushert*, 997 F.2d at 1353. However, because Rios has not identified any claim of sentencing error in his brief, he has abandoned any sentencing issues. *See Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (noting an argument is deemed to be abandoned if an appellant fails to raise it in his appellate brief).

**AFFIRMED.**