[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**November 2, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-15919
Non-Argument Calendar

_____

D. C. Docket No. 04-00042-CR-HLM-4-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL PEREZ HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 2, 2005)**

Before TJOFLAT, DUBINA and RONEY, Circuit Judges.

PER CURIAM:

Miguel Perez Hernandez appeals his convictions and 181-month sentence

for possession with intent to distribute at least 500 grams of a mixture or substance

containing a detectable amount of methamphetamine, 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) (count 1), and possession of a firearm in connection with a drug trafficking crime, 18 U.S.C. § 924(c)(1) (count 2), based on his negotiated plea agreement with the government.  T. Stanley Sunderland, appointed counsel for Hernandez, has moved to withdraw from further representation of Hernandez and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967).  Because independent examination of the record reveals no arguable issues of merit, counsel's motion to withdraw is granted.  Hernandez's convictions and sentences are affirmed.

Hernandez pro se opposes attorney Sunderland's motion to withdraw, contends his appeal is meritorious, and raises two of his own arguments on appeal. Specifically, Hernandez contends:  (1) the government breached the plea agreement when it failed to "seek a downward departure" for "substantial assistance" that he believes he had provided the government; and (2) that there was an inadequate factual basis for his guilty plea as to the § 924(c) possession of a firearm count, as required by Federal Rule of Criminal Procedure 11.

Hernandez's plea agreement contained a limited appeal waiver provision, which attorney Sunderland asserts "foreclosed the majority of possible avenues for appeal."  The provision states the following in relevant part:

> To the maximum extent permitted by federal law,
> the defendant voluntarily and expressly waives the right

2

to appeal sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, except that the defendant may file a direct appeal of an upward departure from the otherwise applicable sentencing guideline range.

"Waiver will be enforced if the government demonstrates *either*: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997).

Here, the district court specifically questioned Hernandez about his sentence appeal waiver during the plea colloquy, thoroughly explained the limited circumstances in which he could appeal, and confirmed that Hernandez wanted to proceed with the waiver. During the plea colloquy, when the district court asked if he wanted to give up his right to appeal except for the limited circumstance of an upward departure, Hernandez stated, "That's okay, yes." Hernandez's sentence appeal waiver is valid and enforceable, and it precludes from appellate review any potential sentencing issues such as the district court's application of the Sentencing Guidelines in a mandatory fashion or the court's refusal to depart downward. *See Benitez-Zapata*, 131 F.3d at 1446.

Hernandez argues in his motion in opposition to his counsel's *Anders*' brief that the government breached the plea agreement when it failed to seek a

3

downward departure or file a motion for reduction in sentence based on Hernandez's alleged "substantial assistance." Hernandez contends that the government was bound to make such a recommendation and that he is entitled to "specific performance" of the plea agreement.

There is no arguable merit as to this issue. Hernandez's plea agreement clearly states that a decision whether to file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35(b) is within the discretion of the government. The plea agreement entered into between Hernandez and the government states, "In either case, the defendant understands that the determination as to whether [Hernandez] has provided 'substantial assistance' rests solely with the Government." It is clear from a plain reading of the plea agreement the government never promised to do so. *See, e.g., United States v. Forney*, 9 F.3d 1492, 1499-1501 (11th Cir. 1993) (noting that the government's refusal to file a § 5K1.1 motion did not breach a plea agreement that stated only that the government would consider whether the defendant's aid qualified as substantial assistance). The government did not breach the plea agreement and Hernandez is not entitled to any specific performance. Accordingly, counsel correctly asserts that there are no issues of arguable merit regarding Hernandez's sentence.

Hernandez asserts that there was an inadequate factual basis to support his guilty plea because, he contends, (1) he was not in possession of any firearms at

4

the time of his arrest, and (2) there were no drugs present in his house when the firearms were seized.

The district court determined that there was a factual basis to support a conviction for possession of a firearm in furtherance of a drug trafficking crime. The government proffered, and Hernandez even agreed at sentencing, that Hernandez possessed two firearms – a semi-automatic pistol under a mattress and a 12-gauge shotgun under a window – in the bedroom where he sold methamphetamine to the confidential informant immediately preceding his arrest during the transportation of those drugs. It is clear that these firearms were in close proximity to the drug transaction and were accessible to Hernandez. *See Timmons*, 283 F.3d at 1253. Given the nexus between the firearms and the drug trafficking, it was not an abuse of discretion for the district court to determine that the firearm helped, furthered, promoted, or advanced Hernandez's drug trafficking, and, therefore, that there was a factual basis for Hernandez's guilty plea on this count.

Because no issues of arguable merit have been identified by counsel or Hernandez, or through this Court's independent review of the record, counsel's motion to withdraw is GRANTED. Hernandez's convictions and sentences are AFFIRMED.

**COUNSEL'S MOTION TO WITHDRAW IS GRANTED; AND THE CONVICTIONS AND SENTENCES AFFIRMED.**