[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11675
Non-Argument Calendar

_____

D. C. Docket No. 04-00031-CR-ORL-13KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS VERDEL, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 31, 2006)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Carlos Verdel, Sr. appeals his 97-month sentence, imposed after he pled guilty to conspiring to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal he argues that the district court (1) misapprehended its authority to grant a downward departure for family responsibilities under U.S.S.G. § 5H1.6, and (2) failed to properly consider the sentencing factors in 18 U.S.C. § 3553(a). The government asserts that Verdel waived his right to appeal the downward departure issue and that we lack jurisdiction to review whether the § 3553(a) factors were properly considered. For the reasons set forth more fully below, we dismiss in part, and affirm in part.

Verdel pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine pursuant to an agreement, which stipulated to the following facts: Verdel was a distributor of marijuana and cocaine and would purchase multiple pounds of marijuana and multiple kilograms of cocaine from Javier Barajas from sometime in 2000 to February 2004. As to quantities, Verdel admitted to having completed five marijuana transactions in 2000 for approximately 100 pounds total, and to having purchased approximately 22 kilograms of cocaine from mid-2003 to February 2004.

Included in Verdel's plea agreement was a sentence appeal waiver that waived the right to appeal his sentence on any ground "except for an upward

departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of law apart from the sentencing guidelines." During Verdel's plea colloquy before a magistrate, the effect of the appeal waiver was explained to him, including its potential for precluding an appeal under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Verdel indicated, through an interpreter, that he understood how the appeal waiver limited his rights.

A presentence investigation report (PSI) set Verdel's offense level at 34 based upon a finding of at least 3,000, but less than 10,000 kilograms of marijuana or its equivalency, U.S.S.G. § 2D1.1(c)(3). No enhancements were made, but Verdel was given a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and (b), for a total offense level of 31. Verdel was found to be at criminal history category III, which, at offense level 31, provided for an advisory guidelines range of 135-168 months' imprisonment. The PSI noted that the defendant might be eligible for a downward departure based upon substantial assistance to the government under U.S.S.G. § 5K1.1.

The defendant lodged several objections to the PSI, first arguing that he was entitled to a two-level reduction for having a minor role in the offense. Next, Verdel argued that his criminal history points were over counted because two

points came from the same conviction, constituting a Double Jeopardy violation. Verdel also argued that he was entitled to a downward departure because of his physical health under U.S.S.G. § 5H1.4, and because of his need to provide financial and emotional support for his family under U.S.S.G. § 5H1.6. Finally, Verdel objected in a memorandum that he should be held accountable for only 12 to 14 kilograms of cocaine, which would reduce his base offense level to 32 before any redactions.

At his sentencing hearing, Verdel pursued his objections, and the district court indicated that it believed Verdel's criminal history to be overstated in the PSI. Verdel also clarified that his objection to the amount of drugs forming his base offense level was not an objection, but a statement for the court to consider, namely that, despite the plea agreement, Verdel only handled somewhere between 12 and 14 kilograms of cocaine. The court, after hearing Verdel's argument for a minor-role reduction, found no basis for that reduction in the facts set forth in the plea agreement or the PSI. As to Verdel's criminal history, the court found that a level III was inappropriate, and under § 4A1.3(b)(1), reduced his criminal history category to II.

The district court found that Verdel's physical health did not warrant a downward departure under § 5H1.4, and, after noting that deprivation of support

4

was present in virtually every sentencing, and that the Sentencing Commission felt that the issue was one that should be excluded from consideration, found that a departure was not warranted under § 5H1.6 either. However, in response to the government's motion for a § 5K1.1 substantial assistance departure, the court decided that, despite the fact Verdel should have provided more assistance, it would depart two levels in order to remain consistent with the sentencing of other defendants in the case.

The court also heard Verdel's statement, in which he apologized for harming his family and his actions. Ultimately, the court found that Verdel had admitted to 4,445 kilograms of drugs, and that, with respect to the family being the victim, such was the case in just about every sentencing. It expressed sympathy to Verdel's family, but noted that Verdel had made his family a victim by participating in the crime. The court noted that the bottom of the guideline range was 97 months' imprisonment, the same sentence for another co-conspirator, and one of the higher sentences imposed in the case. It found no reason to vary from the recommended sentence, and, therefore, imposed a 97-month sentence.

## I. Family Support Departure

Verdel argues that the district court erroneously believed that it lacked the authority to grant a downward departure based on family ties and responsibilities

5

under U.S.S.G. § 5H1.6. The government responds that Verdel knowingly and voluntarily waived his right to challenge the district court's denial of a downward departure in his guilty plea.

"Whether a defendant effectively–that is knowingly and voluntarily–waived his right to appeal his sentence is a question of law that this court reviews de novo." United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997). "Waiver will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." Id.

In the instant case, a magistrate judge explained the effect of the appeal waiver contained in Verdel's plea agreement, and Verdel indicated that he understood how the waiver would limit his right to appeal. Accordingly, unless an exception applies, Verdel's waiver was knowing and voluntary, and will be enforced.

The exceptions in the waiver permitted an appeal of Verdel's sentence if the district court (1) departed upward, (2) imposed a sentence above the statutory maximum, or (3) imposed a sentence in violation of law apart from the sentencing guidelines. The refusal to downwardly depart does not fit any of the exceptions in

the waiver, and, therefore, we dismiss this issue. See Benitez-Zapata, 131 F.3d at 1446 n.3 (holding that the refusal of the government to file a § 5K1.1 motion for a substantial assistance departure was not covered by the exceptions to the appeal waiver); United States v. Grinard-Henry, 399 F.3d 1294, 1297 n.1 (11th Cir.) (holding that the denial of a downward departure was clearly waived by the appeal waiver), cert. denied, 125 S.Ct. 2279 (2005).

## II.  Jurisdiction and § 3553(a) Factors

Verdel next argues that the district court failed to consider the sentencing factors espoused in 18 U.S.C. § 3553(a), and that had the factors been properly considered, Verdel would have received a lesser sentence due to his poor medical condition, role in the conspiracy, and need to support his family.  The government argues that we lack jurisdiction to review Verdel's appeal under 18 U.S.C. § 3742(a).  We recently rejected the government's jurisdictional argument, holding that we continue to have jurisdiction under § 3742(a)(1) to review sentences for unreasonableness.  See United States v. Martinez, No. 05-12706, manuscript. op at 8-9 (11th Cir. Jan. 9, 2006).

As to the merits of Verdel's argument–that the district court failed to properly consider the § 3553(a) sentencing factors–he did not object to his

sentence on this ground, and we will review only for plain error.[1] See United

States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied 125 S.Ct. 2935

(2005) (holding that a defendant's failure to object to his sentence on Sixth

Amendment grounds meant that this Court would review only for plain error).

"An appellate court may not correct an error the defendant failed to raise in the

district court unless there is: (1) error, (2) that is plain, and (3) that affects

substantial rights." Id. (quotation and citation omitted). "If all three conditions are

met, an appellate court may then exercise its discretion to notice a forfeited error,

but only if (4) the error seriously affects the fairness, integrity, or public reputation

of judicial proceedings." Id.

We conclude that the district court committed no error, plain or otherwise.

The record indicates that the district court considered the statutory factors and

purposes prior to imposing a sentence that it found to be adequate to satisfy those

purposes. Moreover, the record reflects that the district court considered Verdel's

medical condition, his role in the conspiracy, and the effect on Verdel's family.

Furthermore, the district court reduced Verdel's criminal history category and

[1] Verdel's objections to the refusal to downwardly depart, and his challenge to the refusal to downwardly depart, are challenges to the application of the guidelines, not to the overall reasonableness of his sentence under Booker. See United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) (construing a challenge to the district court's failure to downwardly depart as a challenge to the application of the Guidelines).

downwardly departed for substantial assistance to give Verdel a sentence that was less than the otherwise applicable statutory minimum of 120 months' imprisonment. While it did not specifically elaborate on each and every factor, this Court has squarely held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Accordingly, the district court did not err when imposing Verdel's sentence because it considered the statutory factors and was not required to elaborate or discuss each of them on the record.

Finally, even if the district court had erred, Verdel has failed to show how his substantial rights were violated. He does not allege that the guidelines were incorrectly calculated, nor does the record reflect that his sentence would, in any way, be different had the district court explicitly explained its consideration of each § 3553(a) factor. Thus, his substantial rights were not violated.[2] See Rodriguez, 398 F.3d at 1301 (holding that, under plain error review, a defendant alleging Booker error must show a reasonable probability of a different sentence absent the error).

---

[2] We note that Verdel was sentenced post-Booker, and the district court understood the guidelines to be advisory. Thus, there is no statutory error involved. See United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005) (holding that statutory error occurs when a district court sentences a defendant under a mandatory guidelines scheme).

For the foregoing reasons, we dismiss Verdel's challenge to the district court's refusal to downwardly depart, and conclude that his sentence should be affirmed.

**DISMISSED in part, AFFIRMED in part.**