[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10958
Non-Argument Calendar

_____

D. C. Docket No. 03-00126-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL MICHEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 13, 2006)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Daniel Michel appeals his 147-month sentence for conspiring to possess five

kilograms or more of cocaine with the intent to distribute, in violation of 21 U.S.C.

§§ 846 and 841(b)(1)(A), and for using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Michel argues that the district court erred when it applied the Sentencing Guidelines as mandatory, in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Michel also claims that the district court violated Booker by scoring the Sentencing Guidelines based on 15-50 kilograms of cocaine when only "5 kilograms or more of cocaine" was charged in the indictment and admitted to in the plea agreement. Finally, Michel contends that his sentence is cruel and unusual in violation of the Eighth Amendment. The government responds that Michel's Booker claims are barred by his valid sentence appeal waiver and that his Eighth Amendment claim fails on the merits. We agree with the government.

**I.**

The government contends that Michel's Booker claims are barred by his sentence appeal waiver. Whether a defendant knowingly and voluntarily waived his right to appeal is a question of law that we review de novo. United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997). We will enforce an appeal waiver if it is shown that either (1) the district court specifically questioned the defendant about the appeal waiver, or (2) the record clearly shows that the defendant fully understood the waiver. United States v. Grinard-Henry, 399 F.3d

2

1294, 1296 (11th Cir. 2005), cert. denied, 544 U.S. 1041, 1725 S. Ct. 2279 (2005). An appeal waiver may waive the right to appeal blatant errors—including Booker errors. Broad waiver language will cover Booker grounds for appeal. Id.

The district judge specifically questioned Michel about the appeal waiver included in his plea written agreement, and Michel indicated that he was making the waiver knowingly and voluntarily. We will thus enforce the waiver. See id.

Michel's wavier contained exceptions allowing him to appeal if: (1) the sentencing judge made an upward departure, (2) the sentence was above the statutory maximum, (3) the sentence was in violation of the law apart from the Sentencing Guidelines, or (4) the government exercised its right to appeal. None of these exceptions apply to his Booker claims. The sentencing judge did not depart upward, Michel was not sentenced above the statutory maximum for either of his crimes, and the government has not appealed. See 21 U.S.C. §§ 846, 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(A). Furthermore, we have held that Booker challenges directly involve the application of the Sentencing Guidelines and, thus, are not based on a violation of law apart from the Sentencing Guidelines. See Grinard-Henry, 399 F.3d at 1297.

Michel offers several reasons that we should disregard the waiver. First, he

argues that the government "is using a technicality to defeat the government's own promises to Defendant" to be sentenced at the low end of the guideline range. (Br. for Appellant at 3.)  There are several problems with this argument.  The waiver is not a technicality; it is a negotiated part of the government's plea arrangement. The government also did not promise to sentence Michel to the low end of the guideline range—a promise it would be powerless to carry out because prosecutors do not sentence defendants.  Instead, it promised not to oppose the defendant's request for a sentence at the low end of the guideline range, taking care to explain to Michel that it was the district court that would ultimately decide on his sentence. The government kept its promise.  Finally, Michel <u>was</u> sentenced at the low end of the guideline range.

Second, Michel argues that the district court's explanation of the appeal waiver was "long, compound, complex, and did not clearly inform Defendant." (Br. for Appellant at 4.)  In fact, the record reflects that the district court used rather succinct and crisp language to adequately explain a complicated issue.

Third, Michel argues that he could not have waived his <u>Booker</u> claims because at the time that he agreed to the appeal waiver, he could not have been aware of the <u>Booker</u> decision.  We have already enforced an appeal waiver challenged on identical grounds.  <u>Grinard-Henry</u>, 399 F.3d at 1295 (denying a

motion for reconsideration of the validity of an appeal waiver in light of Booker).

Finally, Michel tells us that we should disregard the appeal waiver because "the appellate court has an important supervisory role over the lower courts to ensure that the law is understood." (Br. for Appellant at 4.) We are sure that the district court is aware the Sentencing Guidelines are only advisory. See Diaz v. United States, No. 2:05-cv-2-FtM-29DNF, 2005 U.S. Dist. LEXIS 38498 at 27 (M.D. Fla. Dec. 19, 2005) (Steele, J.) (demonstrating its awareness that "the Sentencing Guidelines were found to be advisory only"). The district court does not require our tutelage.

## II.

Michel also contends that his sentence is cruel and unusual in violation of the Eighth Amendment. This challenge is not barred by his appeal waiver because a violation of the Eighth Amendment is a sentence in violation of the law apart from the Sentencing Guidelines, and therefore falls within an exception to his waiver. However, his contention fails on the merits.

Because Michel did not raise an Eighth Amendment objection at trial, this Court reviews only for plain error. See United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005), cert. denied, 126 S. Ct. 196 (2005). The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive

5

fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII. As applied to noncapital cases, the Eighth Amendment contains only a narrow proportionality principle. See Ewing v. California, 538 U.S. 11, 20, 123 S. Ct. 1179, 1185 (2003). Successful challenges to the proportionality of a noncapital sentence under the Eighth Amendment are extremely rare because of the deference accorded to Congress' authority to determine the types and limits of punishments. Raad, 406 F.3d at 1323. The burden is on the defendant to show that the sentence the district court imposed is disproportionate to the offense committed. See id. at 1324 n.4. "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." United States v. Moriarty, 429 F.3d 1012, 1024 (11th Cir. 2005) (quotation omitted).

Michel has failed to demonstrate that the sentence imposed is grossly disproportionate to the offense committed. In his plea, Michel admitted to conspiring to possess with the intent to distribute approximately 40 kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and to using and carrying a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The maximum penalty for Michel's violation of § 846 was life imprisonment, so the district court sentenced Michel well under the statutory limit. § 841(b)(1)(A). Meanwhile, Michel's sentence for

6

violating § 846 was at the bottom of the applicable guidelines range, which the district court lowered due to Michel's substantial assistance to the government. There is a presumption that sentences within the guidelines range are reasonable, see United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005), and this sentence was at the bottom of that range. Accordingly, it was not plainly disproportionate.

We understand the crux of Michel's complaint to be that he was arrested as part of an undercover operation. His plan to steal forty kilograms of cocaine was doomed to failure from the start, because the cocaine did not exist. Since he never committed his planned robbery, he feels that he should not receive an extended sentence for that crime. But Michel was not sentenced for robbery. He was sentenced for conspiring to possess approximately forty kilograms of cocaine with the intent to distribute and for using and carrying a firearm in relation to a drug trafficking crime. He admits to committing both of these serious offenses, and he was punished accordingly.

**DISMISSED IN PART, AFFIRMED IN PART.**