**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Guillermo BENITEZ–ZAPATA,
Defendant–Appellant.**

**No. 95–3690.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 24, 1997.

---

Maria Hamar, Richard A. Hamar, Hamar & Hamar, Beverly Hills, CA, for Defendant–Appellant.

Charles Wilson, U.S. Atty., Tamra Phipps, Asst. U.S. Atty., Susan Rothstein, Linda McNamara, Asst. U.S. Atty., Tampa, FL, for Plaintiff–Appellee.

Before HATCHETT, Chief Judge, and EDMONDSON and COX, Circuit Judges.

EDMONDSON, Circuit Judge:

Defendant appeals the district court's refusal to grant a larger downward departure and its refusal to review the government's decision to refrain from making a motion for downward departure due to substantial assistance. Because Defendant waived his right to appeal these issues in his plea agreement, we dismiss.

*Background*

Defendant Guillermo Benitez–Zapata (Defendant) participated in a large drug transaction that took place in Tampa, Florida. During the course of this transaction, Defendant was responsible for inspecting, providing payment for, receiving, and delivering 500 kilograms of cocaine. Unknown to Defendant, however, the transaction was part of an undercover drug investigation being conducted by government agents. As a result, on the date of delivery—in May 1995—Defendant was arrested. After his arrest, Defendant agreed to assist the agents by delivering the drugs to the buyers, which led to an additional arrest.

Defendant was charged in a two-count indictment.[1] Defendant entered into a plea agreement with the government by which he pled guilty to one count of the indictment: conspiracy to possess with intent to distribute cocaine.

Pursuant to the agreement, Defendant agreed to waive his right to appeal the sentence except for certain issues. The general waiver provision was written this way:

[T]he defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines, and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for [1] an upward departure by the sentencing judge or [2] a sentence above the statutory maximum or [3] a sentence in violation of the law apart from the sentencing guidelines.

In addition, the government agreed to consider whether Defendant's past and future assistance qualified as substantial assistance and, if appropriate, to file a motion for reduction of Defendant's sentence. *See* USSG § 5K1.1. The plea agreement, however, provided that "the defendant understands that the determination as to whether 'substantial assistance' has been provided rests solely with the government, and the defendant agrees that defendant cannot and will not challenge that decision, whether by appeal, collateral attack, or otherwise." Defendant, and his counsel, signed the plea agreement; Defendant initialed each page.

At the plea hearing, the district court asked Defendant a series of questions to determine whether or not he understood the

---

1. The indictment charged Defendant with (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine and (2) posses-sion with intent to distribute five kilograms or more of cocaine.

effect of his waiver, all of which he answered in the affirmative.[2] Defendant also acknowledged that he understood what the maximum penalties were for the crime to which he pled guilty.

Months later, the district court sentenced Defendant. The court found that Defendant was a minor (but not minimal) participant and, therefore, granted only a 2 level reduction instead of the 4 level reduction requested by Defendant. Then, the government refused to make a 5K1.1 motion for downward departure. Despite Defendant's objections, the court would not examine the government's decision. The court sentenced Defendant to 121 months' imprisonment. Upon completion of the sentencing hearing, the court said these words: "you are hereby advised that it is your right to appeal from the judgment and sentence within ten days from this date."

## Discussion

■■■ Defendant appeals and asks this court to review (1) the district court's decision that he was a minor instead of a minimal participant and (2) the government's refusal to make a 5K1.1 motion for downward departure. The government contends, however, that Defendant has waived his right to appeal these issues. Whether a "defendant effectively—that is knowingly and voluntarily—waived his right to appeal his sentence is a question of law that this court reviews *de novo*." *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir.1993). Waiver will be enforced if the government demonstrates *either*: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly

shows that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351.

Here, we begin by noting that neither issue raised by Defendant is covered by the exceptions set out in the plea agreement.[3] As a result, this appeal is permissible only if we conclude that Defendant's waiver was ineffective. After a review of the record, however, we conclude that Defendant did effectively waive his right to appeal these issues.

First, the district court specifically questioned Defendant about his waiver at the plea hearing. In response, Defendant acknowledged that he understood (1) the rights to appeal that he waived in the plea agreement and (2) that appeal was permitted only for certain exceptions. Second, a review of the record demonstrates that Defendant understood the significance of his waiver. Therefore, under *Bushert*, the waiver is effective.

■■■ Defendant nonetheless contends that the waiver was invalid—that is, not knowing—because the district court told Defendant, at the close of the sentencing hearing, that Defendant could appeal his sentence within ten days of the sentencing hearing. Defendant argues that such a statement made the waiver confusing and, therefore, ineffective. We find Defendant's argument unpersuasive.

This court held in *Bushert* that the district court erred by making confusing statements to a defendant about the right to appeal. *Id.* at 1352–53. That case, however, is distinguishable from this case. Here, the district court made the pertinent statement at the very end of the *sentencing* hearing and not during the *plea* hearing. Thus, it was made

2. The transcript reads this way:

> THE COURT: Now, I understand that there is a Plea Agreement in this case, and the standard language is that you give up your right to appeal the sentence that's imposed by this Court except for a sentence that exceeds the maximum sentence or that's an upward departure from the sentencing guidelines. Is that your understanding of your Plea Agreement?
> DEFENDANT: Yes.
> THE COURT: Do you understand the defenses and the rights of appeal that you waive or give up in this case?
> DEFENDANT: Yes.

> THE COURT: Have you had enough time to talk to your lawyer about this?
> DEFENDANT: Yes....
> THE COURT: And do you feel that you fully understand all of the rights and the procedures that you waive and give up by pleading guilty to this charge?
> DEFENDANT: Yes.

3. Neither the participant determination by the district court nor the refusal to file a 5K1.1 motion by the government is encompassed by the exceptions: (1) an upward departure by the sentencing judge; (2) a sentence above the statutory maximum; or (3) a sentence in violation of the law apart from the sentencing guidelines.

as a closing remark—well after it had been already established at the plea hearing that Defendant had waived his right to appeal. Also, the district court in this case, unlike the court in *Bushert* that used more generalized comments, clearly did discuss the waiver issue with Defendant at the plea hearing.

 More important, the sentencing judge's statement can be easily understood as entirely consistent with the terms of Defendant's waiver.[4] The plea agreement permitted appeal under several exceptions. Thus, the district court's statement was simply a reminder to Defendant that if he wanted to appeal—for reasons in which an appeal remained available—he must do so within ten days. That the sentencing court did not stress the waiver and then repeat all the exceptions to the waiver does not destroy the waiver in these circumstances.

Therefore, we conclude that Defendant properly and effectively waived his right to appeal the issues presented here, and we dismiss the appeal.

APPEAL DISMISSED.

---

4. Defendant stresses that an oral pronouncement should control over a conflicting written judgment, even if the oral statement is mistaken—a principle followed in this circuit. *See United States v. Khoury*, 901 F.2d 975, 977–78 (11th Cir.1990). That principle about conflicting state-

ments is not triggered given the facts of this case, however.