[Do Not Publish]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-10783

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 6, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00011-CR-001-CAR-7

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KENNETH JOHN PACHINGER,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 6, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BIRCH, BARKETT and FAY, Circuit Judges.

PER CURIAM:

In an opinion filed January 3, 2005, we affirmed the rulings of the district court which denied appellant's motion to suppress and sentenced him to 145 months in prison. Pachinger then filed a petition for writ of certiorari with the Supreme Court of the United States. The Court granted the petition, vacated our judgment, and remanded the case for further consideration in light of United States v. Booker, 543 U.S. ___ , 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). After such reconsideration, we reinstate our prior opinion which held that the district court did not err in denying Pachinger's motion to suppress, and that Pachinger voluntarily entered into a valid appeal waiver to challenge his sentence.[1]

## I. Factual Background

Kenneth John Pachinger was convicted and sentenced to 145 months for distribution of cocaine, heroin, and marihuana to a person under 21 years of age, in violation of 21 U.S.C. §§ 841(a)(1), 859(a) (hereafter referred to as "Count 2"), and sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) (hereafter referred to as "Count 3"). Pachinger pled guilty to both counts 2 and 3; and, in addition, he expressly agreed in his plea agreement that he was waiving his right

---

[1]In reinstating our earlier opinion, under Issue 2: Sentencing, we reinstate only the first three paragraphs dealing with the sentence imposed and the waiver of appeal.

to appeal his sentence. After Pachinger pled guilty to the above-mentioned violations, the district court increased his base offense level for count 3 by two levels, pursuant to U.S.S.G. § 2G2.1(b)(2). This increase was based upon the court's determination that the offense involved a victim who was a minor, within defendant's custody, care, or supervisory control. The court also increased his base offense by two more levels, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice. Pachinger argues that the district court (1) erred in denying his motion to suppress evidence, and (2) violated his Sixth Amendment right to a jury trial by enhancing his guideline offense level based on facts that neither were charged in his indictment nor proven to a jury beyond a reasonable doubt, in light of Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, 543 U.S. ___ , 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

## III. Motion to Suppress

With regards to Pachinger's motion to suppress evidence seized at the time of his arrest, we reinstate our prior holding that the initial warrantless search of Pachinger's hotel room was justified as a search incident to exigent circumstances.[2]

---

[2] United States v. Booker has no relevance to our holding on the motion to suppress.

<u>IV. Sentencing</u>

Pachinger contends that in light of <u>Booker</u> his sentence is unconstitutional for the following reasons: (1) that the district court erred in sentencing him based on facts that were neither charged in his indictment nor found by a jury beyond a reasonable doubt; and (2) that his appeal waiver was predicated on the belief that the Federal Sentencing Guidelines were constitutional. We find both of these arguments to be non-persuasive.

Pachinger relies on <u>Blakely</u> and <u>Booker</u>, arguing that the Supreme Court held that the imposition, based solely on the sentencing judge's factual findings of a sentence enhancement, violated the defendant's Sixth Amendment rights because the facts supporting the findings neither were admitted by the defendant, nor found by a jury. <u>See</u> <u>Blakely</u>,124 S.Ct. at 2534-38 and <u>Booker</u>, 125 S.Ct at 755-56.

Pachinger contends that the district court erred when increasing his base offense level for Count 3 by two levels. He asserts his indictment did not include that the victim in Count 3 was a minor in his custody, care, or supervisory control. In addition, Pachinger contends that the district court erred by increasing his base offense level by two more levels for obstruction of justice. He argues that his

indictment did not include the fact that he obstructed justice by not appearing in court for his change-of-plea hearing.

Contrary to these assertions, a review of the record shows that Pachinger admitted that the minor was staying with him at his motel, and during his sentencing hearing he admitted that he failed to appear for his change-of-plea hearing.[3] Therefore, it is clear that there was an admitted basis for the district court to make such enhancements.

In addition, Pachinger seems to argue that the government failed to articulate a sufficient factual basis for the quantity of drugs seized in Count 2. However, on February 5, 2004, in open court, Pachinger and his attorney stipulated to the quantity of illegal drugs that were involved in this case.[4]

Appeal Waiver

The record reflects that Pachinger expressly agreed in his plea agreement that he was waiving his right to appeal his sentence, except: (1) to challenge an upward departure, (2) to raise a claim of ineffective assistance of counsel, (3) to

---

[3]Page 6, Line 1-6 of the Sentencing Hearing.

[4]According to the transcript of the sentencing hearing, the parties stipulated that the amount of illegal drugs involved in this case was more than 100 grams but less than 200 grams of cocaine. Page 8, Line 11-13.

appeal the court's denial of his suppression motion, or (4) in the event that the government filed an appeal of his sentence. Such a waiver will be enforced if the government demonstrates either: "(1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." Benitez-Zapata, 131 F.3d 1444 at 1446.

During Pachinger's change-of-plea hearing, the magistrate carefully confirmed that he understood the full ramifications of waiving his appeal rights. The record confirms that Pachinger's appeal waiver was entered into knowingly and voluntarily.

Lastly, Pachinger argues that because the Federal Sentencing Guidelines were constitutional at the time he executed his appeal waiver but have now been held unconstitutional, he should be able to rescind that waiver. However, because this argument is clearly outside the listed exceptions to the appeal waiver, it is waived. See United States v. Brown, 415 F.3d 1257,1272-73 (11th Cir.2005).

## V. Conclusion

After reconsideration of this matter in light of <u>Booker</u>, we conclude there was no error in the denial of appellant's motion to suppress and that he knowingly and voluntarily waived the right to appeal his other contentions.

**OPINION REINSTATED. CONVICTIONS AND SENTENCES AFFIRMED**.