[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 25, 2006
THOMAS K. KAHN
CLERK

No. 05-15835
Non-Argument Calendar

_____

D. C. Docket No. 05-60129-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELA BLOUNT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 25, 2006)**

Before TJOFLAT, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Angela Blount, a federal prisoner, appeals her sentences for four counts of

unlawful use of another person's identification, 18 U.S.C. § 1028, and two counts of use of an unauthorized access device, 18 U.S.C. § 1029.

On appeal, Blount argues that the district court erred in failing to require medical evidence as to her psychiatric condition and the mental effects of the medication that she was taking for bipolar disorder, which she contends prevented her from knowingly waiving her right to appeal. Blount contends that there was a bona fide doubt as to her competency, as shown by the district court's concerns about her medication at the initial change-of-plea hearing. Therefore, she argues that an evidentiary hearing on the matter should have been held. Blount, however, does not ask that her guilty plea be vacated, but only that the appeal waiver provision be severed from the plea agreement.

In Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966), the U.S. Supreme Court held that the prohibition against trying an incompetent defendant requires a trial court to hold a competency hearing sua sponte when presented with information that raises a "bona fide doubt as to the petitioner's competency." Johnston v. Singletary, 162 F.3d 630, 634 (11th Cir. 1998).

Defendants who are not competent to participate in the proceedings cannot waive their constitutional rights. Godinez v. Moran, 509 U.S. 389, 400-01, 113

2

S.Ct. 2680, 2687-88, 125 L.Ed.2d 321 (1993). "A defendant is considered competent to stand trial if he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and if he has a rational as well as factual understanding of the proceedings against him." Johnston, 162 F.3d at 634 n.4 (internal quotation omitted). Three factors are to be considered when determining whether a trial court violated a defendant's procedural due process rights by failing to conduct a competency hearing sua sponte: (1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor; and (3) prior medical opinion regarding the defendant's competence to participate in the proceedings. Tiller v. Esposito, 911 F.2d 575, 576 (11th Cir. 1990). "[T]he mere presence of mental illness or other mental disability at the time [the defendant] entered his plea does not necessarily mean that he was incompetent to plead . . . . The mental illness or disability must have been so debilitating that [the defendant] was unable to consult with his lawyer and did not have a rational and factual understanding of the proceedings." Bolius v. Wainwright, 597 F.2d 986, 990 (5th Cir. 1979).

Blount did not raise the issue of competency before the district court, but the court had a duty to raise the issue sua sponte if a bona fide doubt existed as to her competency. Johnston, 162 F.3d at 634. Such doubt is not present within the

3

record, however. The district court was in the best position to determine Blount's demeanor throughout the proceedings, and the court found that she was competent to proceed after lengthy questioning. The record does not evince erratic or irrational behavior by Blount. The district court did decide to postpone the initial change-of-plea hearing because Blount's medication dosage had been increased the previous day. This one-week postponement was a cautious response to the change in dosage, rather than a response to any indication of incompetency. Although there was evidence in the record that Blount had a history of mental illness, such a history by itself is not enough to find that a defendant is incompetent to plead. Bolius, 597 F.2d at 990. In 2000, a state court determined that Blount was incompetent to plead guilty, but that case proceeded in 2001 when she was on medication. All indications in the record are that Blount was competent when she was receiving treatment for her bipolar disorder, as she was at the time of the plea hearing in the instant case. Accordingly, we find that the district court did not err in finding Blount competent to plead guilty.

Once it has been determined that a defendant was competent to plead guilty, the court must ensure that the waiver of her constitutional rights was knowing and voluntary. Godinez, 509 U.S. at 400, 113 S.Ct. at 2687. We review de novo the knowing and voluntary nature of a sentence appeal waiver. United States v.

4

Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). A sentence appeal waiver may be enforced, so long as it was knowingly and voluntarily made. Id. at 1350.

To prevail upon its contention that the sentencing claim is waived, we have indicated that "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. at 1351. A sentence appeal waiver that is otherwise valid is not rendered invalid by a sentencing court's statement that a defendant can appeal. See United States v. Howle, 166 F.3d 1166, 1168 (11th Cir. 1999) (holding that district court's statement to defendant that "I cannot depart in this case but I invite and welcome an appeal" did not modify the sentencing appeal waiver in the plea agreement); United States v. Benitez-Zapata, 131 F.3d 1444, 1446-47 (11th Cir. 1997) (holding that the court's statement, after imposing the sentence, that the defendant could appeal within ten days did not nullify the plea agreement).

In this case, the district court specifically questioned Blount concerning the sentence appeal waiver during the Rule 11 colloquy after first reading the waiver to her. See Bushert, 997 F.2d at 1351. Although the district court made references to Blount's ability to appeal the judgment and sentence, those were made only in

passing and were corrected by the government after the court already had made a direct inquiry into Blount's understanding of the waiver. Therefore, Blount knowingly and voluntarily waived her right to appeal, and we will not address her arguments that challenge aspects of her sentence because we are precluded from reviewing them by the appeal waiver. Accordingly, for the foregoing reasons, we affirm.

**AFFIRMED.**[1]

---

[1] Appellant's request for oral argument is denied.