[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 18, 2007
THOMAS K. KAHN
CLERK

No. 06-14422
Non-Argument Calendar
_____

D. C. Docket No. 04-00130-CR-001-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAVARESE GRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(January 18, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Tavarese Gray appeals the sentence imposed after he was convicted, based

upon a guilty plea, of distributing crack cocaine, in violation of 21 U.S.C. § 841.

Gray raises only one point on appeal – that the district court erred by failing to apply a downward adjustment for acceptance of responsibility. The government argues that we should dismiss this appeal because, in his written plea agreement, Gray waived his right to appeal his sentence unless he was sentenced above the guideline range. Gray does not address this issue.

We review the waiver of the right to appeal de novo. United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997). Appeal waivers are valid if they are made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). For an appeal waiver to be enforced, the government must show that either: (1) the district court specifically questioned the defendant concerning the appeal waiver during the plea hearing, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. Id. at 1351. In this case, the district court, in accepting Gray's guilty plea, asked him only briefly about the waiver, but did so in the Fed.R.Crim.P. 11 hearing and Gray also waived his right to appeal in his written plea agreement. We are satisfied from the totality of this record that Gray's waiver was knowing and voluntary.

Moreover, we note that even if we were to disregard the waiver, the district court's determination that Grey was not entitled to a downward adjustment must be

2

affirmed on the merits. A district court's assessment of a defendant's acceptance of responsibility under U.S.S.G. § 3E1.1 is entitled to great deference, and we review it only for clear error. United States v. Moriarty, 429 F.3d 1012, 1022 (11th Cir. 2005). Although entry of a plea of guilty will constitute significant evidence of acceptance of responsibility, this evidence may be outweighed by conduct . . . that is inconsistent with acceptance." U.S.S.G. § 3E1.1, comment. (n. 3). For example, we have held that continued drug use following indictment supported the denial of acceptance of responsibility. United States v. Matthews, 168 F.3d 1234, 1250 (11th Cir. 1999). Here, Grey's post-indictment conduct, including the use of cocaine-laced marijuana, adequately supports the district court's denial of a downward adjustment for acceptance of responsibility.

**AFFIRMED.**