[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 22, 2008
THOMAS K. KAHN
CLERK

No. 08-10837
Non-Argument Calendar

_____

D. C. Docket No. 06-00275-CR-TCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUSSELL CARR,
a.k.a. Russell Lamar Carr,
a.k.a. Dedrick Lamer Carr,
a.k.a. Berry L. Carr,
a.k.a. Russell L. Carr,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 22, 2008)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Russell Carr appeals his conviction and sentence for the possession of a firearm in furtherance of a drug trafficking crime after he entered a conditional plea of guilt in a written agreement with the government. 18 U.S.C. § 924(c)(1)(A). Carr challenges the denial of his motion to suppress and the enhancement of his sentence. We affirm in part and dismiss in part.

## I. BACKGROUND

Carr was charged, in a four-count indictment, for the possession of cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(C), possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A), possession of a firearm as a felon, 18 U.S.C. §§ 922(g), 924(a)(2), and possession of a firearm with an altered serial number, 18 U.S.C. §§ 922(k), 924(a)(1)(B). Carr moved to suppress the drugs and weapon based on the absence of reasonable suspicion or probable cause to approach, question, or search Carr. The district court held a series of evidentiary hearings at which the arresting officers testified about the events that preceded the stop and seizure.

Officer George Golden of DeKalb County was the only witness called to testify at the first hearing, which was held before a magistrate judge. Golden testified that he and trainee Jay Spencer entered the parking lot of a small strip mall to look for loiterers. A barber shop housed in the mall was often used to traffic

2

drugs and several signs posted in the area stated "No Loitering." Officer John Hanson and trainee J.B. St. Luc followed Golden into the parking lot in a second patrol car.

Golden stopped his patrol car next to the barber shop and noticed Carr sitting in the driver's seat of a vehicle that had been backed into a tight parking spot. Carr and his passenger appeared shocked to see the patrol cars and fastened their seatbelts. Based on the response to the presence of police and the positioning of Carr's vehicle, Golden decided to investigate.

Golden parked his patrol car in the middle of the parking lot and followed Spencer to the driver's side of Carr's vehicle, while St. Luc approached the passenger door and Hanson waited at the passenger side tail light. Spencer spoke to Carr, St. Luc spoke to the passenger, and Golden observed the conversations. When St. Luc asked the passenger to step out of the vehicle, Golden saw Carr stuff a clear plastic sandwich bag that contained several smaller bags down the front of his pants. As Golden turned toward him, Hanson signaled that he had also seen Carr conceal the bag. Spencer, who was watching the passenger and St. Luc, did not see Carr conceal the bag.

Golden suspected that the bag contained narcotics and asked Carr to step out of the vehicle. Spencer frisked Carr, but did not find anything. Golden asked Carr

3

what he had placed in his pants and Carr responded that it was his wallet. After Golden questioned Carr a second time and received the same response, Golden reached into Carr's pants and retrieved the clear plastic bag. The bag contained several small plastic bags that contained what appeared to be crack cocaine. Golden arrested Carr for possession of cocaine.

Spencer frisked Carr a second time and discovered a bag of marijuana in Carr's front pocket. The officers placed Carr in the rear of Golden's patrol car and searched the vehicle. The officers discovered a loaded Taurus 9 millimeter handgun concealed under the driver's seat with the model and serial numbers removed.

The magistrate judge recommended that the district court grant Carr's motion to suppress. The judge ruled that the officers did not have probable cause to stop Carr's vehicle. The judge found that Golden's testimony was not credible and concluded that the officers did not have an objective basis to question Carr. The judge also ruled that the inevitable discovery rule was not applicable. The government objected to the recommendation and requested a de novo hearing.

In a second hearing held by the district court, the government presented additional testimony. Officers St. Luc and Spencer testified that they observed an individual standing beside the passenger side of Carr's vehicle who alerted the

4

passengers and walked away when he saw the patrol cars. Carr and his passenger put on their seatbelts and Carr started the engine. Spencer testified that he did not see Carr put anything down his pants and blamed the oversight on his decision to observe St. Luc talk to the passenger. St. Luc testified that he saw Carr put something down his pants, but he did not communicate what he saw to Golden and Hanson because St. Luc observed the officers communicate that they had seen the furtive movement. The government offered to call Golden to testify, but the district court judge responded that he did not "need to hear from him."

The district court judge found that the testimony about a third party at the scene had a "potential ring of truth" and concluded, based on the totality of the circumstances, that the officers had a reasonable suspicion to investigate. The judge narrowed the issue to whether the stop was valid under Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868 (1968), and took the case under advisement.

The district court held a third hearing and the government presented testimony from officers Golden and Hanson. Golden testified to the same facts that he described at the first hearing. Both Golden and Hanson said that they did not see a third individual at the scene. Hanson testified that he observed Carr and his passenger parked and "at ease," and that they appeared startled by the patrol cars, put on their seatbelts, and Carr started the engine. Hanson testified that he

5

and the other officers suspected that Carr was loitering and approached the car to investigate. As the officers approached the car, Hanson recognized the passenger as someone previously warned about loitering and as someone involved in prior drug activity. After the officers reached the car, Hanson saw Carr stuff something down his pants. Hanson described Carr's movement as deceptive because he waited until Spencer was distracted by St. Luc and the passenger. Hanson suspected that Carr placed narcotics down his pants because Carr manipulated the object with ease.

The district court denied Carr's motion to suppress. The court concluded that the officers had a reasonable suspicion of criminal activity because the car was parked in a suspicious manner in a high crime area; the occupants looked surprised by the officers and immediately prepared to drive away; and two of the officers noticed a third person in the area who left when he saw the patrol cars. The court reasoned that, even without the presence of a third person, the officers had an objective basis to suspect criminal activity. The court noted that Carr did not question the scope of the frisk. The court ruled that the officers could question and frisk Carr and search Carr's vehicle.

Carr moved for reconsideration and argued that the frisk exceeded the bounds of a permissible search for weapons. The government responded that the

officers had probable cause to search Carr for narcotics. The district court denied Carr's motion.

Carr entered a change of plea to guilty to the possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A), in exchange for the dismissal of the remaining counts of his indictment. Carr waived his right to appeal his conviction and sentence, but he reserved the right to appeal the denial of his motion to suppress. Carr stipulated that he had been convicted of two or more prior crimes of violence or drug trafficking within 15 years of his present offense. Carr's plea agreement stated that he qualified as a career offender. See United States Sentencing Guidelines §4B1.1(c)(3) (Nov. 2002).

At the change of plea hearing, Carr admitted that he had three prior felony convictions and agreed that he qualified as a "career offender within the meaning of the sentencing guidelines." The district court explained to Carr that he could appeal his sentence only if it exceeded the advisory guidelines range or if the government appealed the judgment. Carr stated that he understood his waiver of the right to appeal. The court accepted Carr's plea of guilty.

Carr did not object to the presentence investigation report, which stated that he qualified as a career offender and listed a sentencing range between 262 and 327 months of imprisonment. The court sentenced Carr to serve 262 months of

7

imprisonment followed by five years of supervised release. Carr did not object to the sentence and the court dismissed the remaining counts of Carr's indictment.

## II. STANDARDS OF REVIEW

On denial of a motion to suppress, we review findings of fact for clear error and the application of law to those facts de novo. United States v. Ramirez, 476 F.3d 1231, 1235 (11th Cir.), cert. denied, 127 S. Ct. 2924 (2007). We construe all facts in the light most favorable to the government. Id. at 1235–36. Arguments that are not raised in the district court are reviewed for plain error. See United States v. Ward, 486 F.3d 1212, 1221 (11th Cir. 2007).

## III. DISCUSSION

Carr makes two arguments on appeal. First, he challenges the decision to deny his motion to suppress. Second, he challenges the enhancement of his sentence. We address each issue in turn.

### A. Officers Had Reasonable Suspicion To Detain Carr and Probable Cause To Frisk Carr.

Carr challenges the denial of his motion to suppress on three grounds. First, Carr argues that Officers Spencer and St. Luc were not credible and we should not credit their accounts that a third person was outside Carr's vehicle. Second, Carr argues that the totality of the circumstances did not create a reasonable suspicion to approach his vehicle. Third, Carr contends that Golden exceeded the acceptable

8

limits of Terry v. Ohio when he retrieved the bag of crack cocaine from Carr's pants. Carr's arguments fail.

The district court did not err when it denied Carr's motion to suppress. We defer to the credibility determinations made by the district court, see United States v. McPhee, 336 F.3d 1269, 1275 (11th Cir. 2003), but we need not consider the testimony of Spencer and St. Luc to conclude that reasonable suspicion existed to approach and question Carr.

Under the totality of the circumstances, the officers had an objective basis to conclude that criminal activity was afoot. See United States v. Gordon, 231 F.3d 750, 755–56 (11th Cir. 2000). Officers Golden and Hanson observed Carr and his passenger apparently loitering at 7:45 p.m. in the parking lot of a strip mall known for its drug traffic. Carr's vehicle was parked in a manner that obscured its license plate and the passenger in Carr's vehicle had been involved in previous incidents of loitering and drug activity. Both Carr and his passenger appeared surprised to see police officers in the area and prepared immediately to drive away.

Golden also had probable cause to seize the drugs from Carr. After Golden witnessed Carr hide inside his pants a plastic bag that resembled packaging commonly used for narcotics and Carr misidentified that object, Golden had probable cause to believe that Carr was concealing narcotics. Based on the

9

possibility that Carr could escape and the drugs could be destroyed, exigent circumstances permitted Golden to seize the drugs from Carr's pants. See United States v. Banshee, 91 F.3d 99, 102 (11th Cir. 1996). We affirm the denial of Carr's motion to suppress.

### B. Carr Waived The Right To Appeal His Sentence.

Carr argues on appeal that the district court committed plain error when it used a prior conviction to sentence him as a career offender, but Carr knowingly and voluntarily waived the right to appeal this aspect of his sentence. See United States v. Benitez-Zapata, 131 F.3d 1444, 1446–47 (11th Cir. 1997). We dismiss the appeal of this issue.

### IV. CONCLUSION

The denial of Carr's motion to suppress is **AFFIRMED**. Carr's appeal of his sentence is **DISMISSED.**

**AFFIRMED IN PART, DISMISSED IN PART.**