[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14962
Non-Argument Calendar

_____

D. C. Docket No. 07-20825-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAUREANO CHIRINO RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 5, 2009)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Laureano Chirino Rivera appeals his convictions and sentences for

conspiracy to commit robbery, 18 U.S.C. § 1951(a), and conspiracy to carry a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(o). Rivera entered a guilty plea to both of his counts of conviction. Two months later, at sentencing, he attempted to withdraw his guilty plea, explaining he was actually innocent of the charged offenses and he was generally dissatisfied with his attorney's representation. Neither Rivera nor his attorney requested the district court appoint new counsel to represent him.

Rivera asserts the district court erred by: (1) failing to *sua sponte* appoint new counsel to assist him in arguing his motion to withdraw his guilty plea; and (2) imposing a four-level aggravating-role enhancement under U.S.S.G. § 3B1.1(a). The Government asserts we should not consider Rivera's argument the district court erred by imposing an aggravating-role enhancement because, pursuant to the appeal-waiver provision in his plea agreement, Rivera waived his right to raise this as an issue on appeal.

## I.

While Rivera generally stated his attorney did not represent him well, he failed to request the court appoint a new attorney to represent him, and failed to object to the district court's failure to appoint a new attorney to assist him with his motion to withdraw his guilty plea. Accordingly, this Court should review his

2

argument on appeal for plain error. *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *Id.* at 1244-45 (quotation omitted).

Addressing the first prong of the plain error analysis, the district court committed no error in failing to *sua sponte* appoint new counsel to represent Rivera after he informed the court he wished to withdraw his guilty plea and was dissatisfied with his attorney's representation. Even if Rivera had requested new counsel, he would not have been entitled to new counsel unless he showed a conflict of interest, a complete breakdown of communications between himself and his attorney, or an otherwise irreconcilable conflict. *United States v. Garey*, 540 F.3d 1253, 1262 (11th Cir. 2008) (en banc) (explaining good cause to appoint a new attorney refers to a "fundamental" problem, such as a conflict of interest, a complete breakdown in communication between the client and the attorney, "or an irreconcilable conflict which leads to an apparently unjust verdict"). The only conflict of interest Rivera asserts on appeal is that he expressed his dissatisfaction with his attorney's performance during sentencing. A district court does not err in denying a motion to withdraw based on a defendant's general dissatisfaction with

3

his attorney's performance unless there has been a complete breakdown in communication between the defendant and his attorney. *United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997) (affirming the denial of a motion to withdraw where, although a defendant and his attorney disagreed regarding defense strategy, there was no total breakdown of communication between them). Here, the record demonstrates there was not a complete breakdown in communication between Rivera and his attorney because, at sentencing, Rivera's attorney stated Rivera wished to read a letter to the court, and he also stated he had discussed with Rivera the possibility of executing an acceptance- of-responsibility statement. This demonstrated Rivera and his attorney communicated about the sentencing hearing. Thus, the district court did not err, much less plainly err, in failing to *sua sponte* appoint new counsel. Accordingly, we affirm as to this issue.

## II.

We review *de novo* whether an appeal waiver was not effective because it was not knowing or voluntary. *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997). A sentence-appeal waiver must be entered into knowingly and voluntarily and "will be enforced if the government demonstrates *either*: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise

4

understood the full significance of the waiver." *Id.* A sentence-appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error. *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999).

The record demonstrates Rivera knowingly and voluntarily agreed to the appeal-waiver provision in his plea agreement. During Rivera's plea colloquy, the Government explained that, by assenting to the plea agreement, Rivera waived his statutory right to appeal his sentence, with limited exceptions. When the court asked Rivera if he understood he was waiving certain appeal rights by agreeing to the plea agreement, Rivera stated he understood. Because the court specifically questioned Rivera about the appeal-waiver provision, the waiver was valid and effective. *See Benitez-Zapata*, 131 F.3d at 1446. Because the appeal waiver did not contain an exception permitting Rivera to appeal the court's imposition of an aggravating-role enhancement, he is precluded from raising this argument on appeal. *See Howle*, 166 F.3d at 1169. Thus, we dismiss the appeal as to this issue.

**AFFIRMED IN PART, DISMISSED IN PART.**