[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13252
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-20159-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REINALDO LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 19, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Reinaldo Lopez appeals his conviction and sentence of fifteen years

imprisonment, imposed after he pleaded guilty to the following offenses: conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) (the drug conspiracy charge); conspiracy to interfere with commerce by threats or violence, in violation of 18 U.S.C. § 1951 (the Hobbs Act conspiracy charge); and possession of a firearm during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (the firearm charge). Lopez argues that the district court erred by failing to fulfill the requirements of Federal Rule of Criminal Procedure 11 because, during the plea colloquy at his change-of-plea hearing, the district court misstated an element of one of the offenses to which he was pleading guilty and did not expressly inform him that he faced a total mandatory minimum sentence of fifteen years imprisonment. Lopez also argues that the district court erred by imposing mandatory minimum sentences on the drug and firearm charges.

I.

When, as here, a Rule 11 objection is not raised before the district court, we review it only for plain error. United States v. Moriarty, 429 F.3d 1012, 1018–19 (11th Cir. 2005). A defendant seeking to establish plain error "must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." Id. at 1019. Also,

2

"a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004); Moriarty, 429 F.3d at 1020. Once the defendant has made those required showings, "we may exercise our discretion to recognize a forfeited error, but only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quotation marks, alteration, and citation omitted).

Rule 11 requires that, before accepting a defendant's plea of guilty, the district "court must inform the defendant of, and ensure that the defendant understands . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). Lopez argues that the district court's plea colloquy was defective because the district court failed to properly explain the nature of the charges against him as required by Rule 11. He relies on the fact that the district court stated that, if the case were to go to trial, the government would have to prove beyond a reasonable doubt:

> That from on or about December 2008 continuing through on or about February sixth, 2009 . . . you came to a mutual understanding or agreement with at least one other person *to attempt* to possess five kilograms or more of a mixture and substance containing a detectable amount of cocaine with the intent to distribute that substance, and knowing the unlawful purpose of that plan you joined in that plan.

3

(emphasis added).  As Lopez notes, the district court's statement in that passage diverged from the language of the indictment, which charged a conspiracy to possess, rather than to attempt to possess, with intent to distribute five or more kilograms of cocaine.

Lopez also argues that the district court failed to inform him of, and determine that he understood, "any mandatory minimum penalty" as required by Rule 11(b)(1)(I).  The district court explained that the drug conspiracy charge carried a mandatory "minimum sentence of not less than ten years . . . imprisonment," and Lopez stated that he understood that fact.  Lopez acknowledges that the district court also explained that the firearm charge "carries with it a minimum sentence of five years . . . imprisonment, which term must run consecutively to any other sentence imposed" for the drug conspiracy charge and the Hobbs Act conspiracy charge.  Again, Lopez stated during the change-of-plea hearing that he understood that fact.  Lopez argues on appeal that the district court failed to live up to the requirements of Rule 11 because it did not do the math for him and expressly state that, considering the charges to which he was pleading guilty together, he faced a total mandatory minimum sentence of fifteen years imprisonment.

Even assuming that Lopez has established that the district court committed

error that is plain, Moriarty, 429 F.3d at 1019, he has not met the other two requirements for plain error review. Lopez has not established that there is a reasonable probability that, but for the alleged errors, "he would not have entered the plea." Dominguez Benitez, 542 U.S. at 83, 124 S. Ct. at 2340; Moriarty, 429 F.3d at 1020. In fact, he has not attempted to make that showing.

Instead, Lopez admits that "the record is particularly wanting in regards to what the defendant's attitude toward the plea would have been had he received complete and adequate information." He argues that this state of affairs is due to the fact that the court reporter did not identify each of the four defendants by name when identifying the speaker in the transcript of the group change-of-plea hearing, instead referring to each of them as "THE DEFENDANT." He then argues that we should accept the alleged ambiguity in the record as a substitute for the required showing that there is a reasonable probability that he would not have pleaded guilty but for the district court's alleged Rule 11 errors.

That argument is meritless. Lopez agreed to the joint change-of-plea colloquy. While the transcript of the hearing does identify each of the defendants as "THE DEFENDANT," there is no ambiguity. Except when addressed by name by the district court, each of the four defendants gave the same answers to the district court's questions. We therefore know exactly how Lopez responded to the

5

district court's questions. Furthermore, at the outset of the plea colloquy, the district court identified the defendants by name and stated the order in which the defendants were to answer the district court's questions. Lopez's specific responses are therefore identifiable. Because the record is not ambiguous, Lopez's argument that record ambiguity somehow suffices to replace the showing of prejudice required by Dominguez Benitez and Moriarty necessarily fails.

II.

Lopez also challenges the district court's imposition of mandatory minimum sentences on the drug and firearm charges. Before addressing his arguments, we must determine whether the sentence appeal waiver contained in Lopez's plea agreement forecloses his effort to contest his sentences. "[T]he determination of whether a defendant effectively–that is knowingly and voluntarily–waived his right to appeal his sentence is a question of law that this court reviews de novo." United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993).

We will enforce a sentence appeal waiver "if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997). The district court

specifically questioned Lopez about the sentence appeal waiver. In response, Lopez confirmed his understanding of that provision of his plea agreement. He also agreed that he had discussed that provision with his attorney before signing his plea agreement and that he had no questions for the court or his attorney about that provision of the plea agreement. Lopez's sentence appeal waiver is therefore valid and enforceable. See United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Howle, 166 F.3d 1166, 1168 (11th Cir. 1999). Because Lopez's fifteen year sentence does not fall into the exceptions in the valid sentence appeal waiver, Lopez is precluded from challenging his sentence in this appeal.

III.

Lopez's convictions are AFFIRMED, and his appeal of his sentence is DISMISSED.