**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12776
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

WILFORT FOSTER, III,
a.k.a. Bubba,
a.k.a. Bro Bro,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:22-cr-00017-WMR-WEJ-1
_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Wilfort Foster, III appeals his convictions and sentences for conspiracy to possess with intent to distribute methamphetamine and fentanyl and money laundering, seeking to argue that the district court imposed a procedurally and substantively unreasonable sentence. The government, in turn, moves to dismiss Foster's appeal pursuant to the sentence appeal waiver in his plea agreement. After thorough review, we dismiss the appeal.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We also review *de novo* whether a defendant knowingly and voluntarily waived his right to appeal his sentence. *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997).

A sentence appeal waiver found in a plea agreement will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish that a sentence appeal waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351; *see also* Fed. R. Crim. P. 11(b)(1)(N) (requiring that the district court inform the defendant of the terms of an appeal waiver). The touchstone for assessing whether an appeal waiver was knowing and voluntary is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances. *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020).

Here, the record shows that Foster knowingly and voluntarily waived the right to appeal his sentence.  His plea agreement contained this language under the heading titled "Limited Waiver of Appeal":

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court.  Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver.  The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

At the end of the plea agreement, Foster signed a certification that he had read and carefully reviewed every part of the agreement with his attorney, that he understood its terms and conditions, and that he voluntarily agreed to them.  The certification also provided that Foster understood the appeal waiver would prevent

him, with narrow exceptions, from appealing his conviction and sentence or challenging his conviction and sentence in any post-conviction proceeding.  Foster's counsel signed an additional certification that he had reviewed the charges and plea agreement with Foster and to his knowledge, Foster was making an informed and voluntary decision to enter into the agreement.

At the plea colloquy, Foster confirmed, under oath, that he: (1) could speak, read, and understand English; (2) was aware and competent at the hearing; (3) had not used any drugs or alcohol in the 24 hours prior to his sentencing hearing; (4) reviewed the plea agreement, the charges against him, and the sentencing guidelines with his attorney; (5) read, signed, and understood the entire plea agreement; (6) understood the rights and procedures he was waiving by pleading guilty; and (7) entered his plea without force, threats, intimidation, promises, or assurances.  The government then summarized the contents of the plea agreement, including the appeal waiver and its limited exceptions.  Foster agreed with the plea agreement's description and confirmed that he understood the agreement's terms and that its recommendations were not binding on the court.  Later in the hearing, the court reiterated that as part of Foster's plea agreement, his appeal waiver limited his ability to appeal his sentence to three exceptions: (1) his lawyer provided him with ineffective assistance of counsel; (2) his sentence was higher than the guideline range; or (3) if the government appealed his sentence, he could appeal as well.  Foster said he understood.

Then, during the sentencing hearing, the district court again reminded Foster about the appeal waiver and its limitations on his right to appeal. After pronouncing the sentence, the court informed Foster that he had a right to appeal but he had agreed to an appeal waiver as part of his plea agreement, which limited the scenarios in which he could appeal. The court said that appeal waivers were generally enforceable, although Foster could raise the issue of its enforceability in our Court if he believed his waiver was unenforceable. Foster did not object to the waiver.

In short, the record confirms that Foster knowingly and voluntarily waived the right to appeal his sentence. *Bushert*, 997 F.2d at 1350. Further, none of the exceptions to the appeal waiver applies. On appeal before us, Foster attempts to argue that the district court imposed a procedurally and substantively unreasonable sentence by considering an impermissible sentencing factor and failing to give mitigating evidence proper weight. But this challenge does not fit within the limited exceptions to the sentence-appeal waiver provision -- Foster has not raised an ineffective assistance of counsel challenge, he was sentenced below his guideline range, and the government has not appealed his sentence. Accordingly, Foster has waived his right to raise these claims on appeal.

We grant the government's motion to dismiss the appeal.

**DISMISSED**.