[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-16494

_____

D.C. Docket No.  04-60004-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERY MICHAEL JENNEY,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 10, 2007)**

Before ANDERSON and PRYOR, Circuit Judges, and Albritton,[*] District
Judge.

PER CURIAM:

---

[*] Honorable W. Harold Albritton, III, United States District Judge for the Middle District
of Alabama, sitting by designation.

Appellant Jenney entered into a plea agreement and pled guilty to three counts of a superceding indictment: conspiracy to possess with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846; conspiracy to commit money laundering, 18 U.S.C. §§1956(a)(1)(A)(I) and 1956(h); and obstruction of justice, §§ 18 U.S.C. 1512(b)(3).  As part of his plea agreement, he waived his right to appeal his sentence, with limited exceptions. Subsequently, he was sentenced to a term of imprisonment.

Jenney argues that the district court impermissibly participated in plea negotiations.  He also raises several challenges to the sentence which was imposed. We discuss each argument in turn, and affirm the convictions and sentence.

Jenney's challenge to his guilty pleas is based on  Federal Rule of Criminal Procedure 11(c)(1), which provides that attorneys for the government and the defendant may engage in plea discussions and reach a plea agreement, but that the court must not participate in those discussions.  This rule requires a conviction to be set aside if the court participates in negotiations.  United States v. Casallas, 59 F.3d 1173, 1177-78 (11th Cir. 1995).  Where, as here, the defendant fails to object to a Rule 11 violation in the district court, the court reviews for plain error. United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003).

The district court conducted a colloquy during which Jenney's rights were

explained before accepting Jenney's guilty pleas. Jenney does not dispute that his initial pleas of guilt were knowing and voluntary, but argues that during the sentencing hearing the district court improperly participated in plea negotiations.

The record reflects that at no time during the sentencing hearing did Jenney move to withdraw his guilty pleas, and that when asked whether he wanted to affirm his previous pleas of guilt, Jenney responded that he did. The district court accepted Jenney's confirmation of his pleas of guilty pursuant to the plea agreement, and sentenced Jenney in accordance with that agreement. There was no participation in plea negotiations by the district court; therefore, there was no plain error.

Jenney has also raised sentencing issues on appeal. As part of his plea agreement, Jenney waived his right to appeal his sentence. None of the three exceptions that would have permitted an appeal of his sentence were implicated by the district court's imposition of his sentence. Whether a defendant has knowingly and voluntarily waived his right to appeal his sentence is a question of law that this court reviews de novo. United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997). There is no dispute that Jenny knowingly and voluntarily waived his right to appeal as part of his initial plea agreement, which he later re-affirmed before the district court, and in accordance with which he was sentenced. Therefore, upon de novo review, this court holds that Jenney waived the grounds

for appeal of his sentence which he has raised here.

For the foregoing reasons, Jenney's convictions and sentence are

**AFFIRMED**.