[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15683
Non-Argument Calendar
_____

D. C. Docket No. 05-00365-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ULPIANO MINA,

Defendant-Appellant.

_____

No. 06-15741
Non-Argument Calendar
_____

D. C. Docket No. 05-00365-CR-T-27TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEOFILO RENTERIA-BRAVO,

Defendant-Appellant.

_____

No. 06-15766
Non-Argument Calendar
_____

D. C. Docket No. 05-00365-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHAR VALLECILLA-VELEZ,

Defendant-Appellant.

_____

No. 06-15768
Non-Argument Calendar
_____

D. C. Docket No. 05-00365-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CARLOS BELALCAZAR-VALLEALLA,

Defendant-Appellant.

_____

No. 06-15769
Non-Argument Calendar
_____

D. C. Docket No. 05-00365-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARDO ANCHICO-JIMENEZ,

Defendant-Appellant.

_____

No. 06-15770
Non-Argument Calendar
_____

D. C. Docket No. 05-00365-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO PORTOCARRERO-REINA,

Defendant-Appellant.

_____

No. 06-15869
Non-Argument Calendar
_____

D. C. Docket No. 05-00365-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VIRGILIO CAICEDO,

Defendant-Appellant.

_____

No. 06-15910
Non-Argument Calendar
_____

D. C. Docket No. 05-00365-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENITO MURILLO-CUERO,

Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of Florida
_____

**(November 15, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Ulpiano Mina, Sergio Portocarrero-Reina, Virgilio Caicedo, Teofilo Renteria-Bravo, Leonardo Anchico-Jimenez, Richar Vallecilla-Velez, Jose Carlos Belalcazar-Vallealla, and Benito Murillo-Cuero appeal their convictions for possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. See 46 U.S.C. app. §§ 1903(a), (g), (j) (1994); 18 U.S.C § 2; 21 U.S.C. § 960(b)(1)(B)(ii). Mina, Belalcazar-Vallealla, Vallecilla-Velez, and Murillo-Cuero also appeal their sentences imposed by the district court.

The defendants present three arguments. First, all of the defendants contend that the district court lacked subject matter jurisdiction. Second, four defendants contend that they were entitled to minor role reductions in their sentences. Third, three defendants argue that their sentences are unreasonable.

*A. The Defendants Waived Their Argument That Their Convictions Are Invalid In Their Unconditional Guilty Pleas.*

The defendants argue that their convictions are invalid because the district court lacked subject matter jurisdiction. The defendants contend that the district court erroneously concluded that the "Rio Mar I was, at the time it was interdicted by the United States Coast Guard, a vessel subject to the jurisdiction of the United States, [because] the government of [Colombia], the F/V Rio Mar I's flag nation, consented to the enforcement of United States law by the United States." See 46 U.S.C. App. §§ 1903(a), (c)(1)(C), (f). We disagree.

The problem for each defendant is that each entered an unconditional plea of guilty. We review de novo whether a voluntary, unconditional plea of guilty waives the ability to appeal a particular issue. See United States v. Patti, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003). "[A] voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings." Id. at 1320.

The defendants' argument that jurisdiction did not exist over the Rio Mar I is different from a challenge to the authority of the district court over the case and controversy. Under the Maritime Drug Law Enforcement Act, "[i]t is unlawful for any person . . . on board a vessel subject to the jurisdiction of the United States" knowingly to possess with the intent to distribute a controlled substance. 46 U.S.C. App. § 1903(a). Because the indictments of the defendants charged them with a violation of this law of the United States, the district court had subject

6

matter jurisdiction over their actions.  See McCoy v. United States, 266 F.3d 1245, 1252 n.11 (11th Cir. 2001); 18 U.S.C. § 3231.  The defendants waived the argument that the Rio Mar I was not a vessel subject to the jurisdiction of the United States when they pleaded guilty unconditionally.  See Patti, 337 F.3d at 1320.

*B.  The Argument of Mina, Belalcazar-Vallealla, Vallecilla-Velez, and Murillo-Cuero That They Were Entitled To A Minor Role Reduction Is Subject To An Enforceable Appeal Waiver.*

Mina, Belalcazar-Vallealla, Vallecilla-Velez, and Murillo-Cuero argue that the district court erred when it denied them a minor role reduction, but the government contends that an enforceable appeal waiver bars this argument.  A defendant may waive his statutory right to appeal.  See United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005).  "Waiver will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." Id. (quoting United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997) (internal quotation marks omitted).

We agree with the government.  The record establishes that the district court specifically questioned Mina, Belalcazar-Vallealla, Vallecilla-Velez, and Murillo-Cuero during the plea colloquy about the appeal waiver and adequately explained

7

the significance of the waiver. Because Mina, Belalcazar-Vallealla, Vallecilla-Velez, and Murillo-Cuero knowingly and voluntarily waived the right to appeal their sentences on this ground, we dismiss this portion of their appeals.

### C. The Sentences of Mina, Vallecilla-Velez, and Belalcazar-Vallealla Are Reasonable.

Three of the defendants challenge the reasonableness of their sentences. Mina argues that his sentence of 188 months of imprisonment is unreasonable because the government offered to recommend a sentence of eight years of imprisonment and Mina's history and characteristics support imposition of a lower sentence. Vallecilla-Velez argues that his sentence of 235 months of imprisonment is grossly disproportionate to similarly situated defendants. Belalcazar-Vallealla challenges his below-Guidelines sentence of 144 months of imprisonment and argues that his "sentence is disparate from the other similarly situated defendant." These arguments fail.

We review a sentence for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). "Review for reasonableness is deferential." Id. at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id. "When we review a sentence for reasonableness, we do not, as the district court did, determine the exact sentence to be imposed." Id. "We must evaluate whether the sentence imposed by the district court fails to achieve the

8

purposes of sentencing as stated in section 3553(a)." Id. "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id.

The transcript of the sentencing hearing establishes that the district court sentenced Mina, Vallecilla-Velez, and Belalcazar-Vallealla after careful consideration of their arguments in favor of mitigation, the Guidelines, and the sentencing factors of section 3553(a). Mina was sentenced at the low-end of the Guidelines range. Vallecilla-Velez's sentence was within the Guidelines-range and higher than the sentences of his codefendants because the district court determined that, unlike some of the other defendants, Vallecilla-Velez was not entitled to an reduction for acceptance of responsibility. Belalcazar-Vallealla's sentence was below the Guidelines range. The sentences of Mina, Vallecilla-Velez, and Belalcazar-Vallealla are reasonable.

**AFFIRMED IN PART; DISMISSED IN PART.**