[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15511
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00074-CR-001-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MILTON JACKSON,
a.k.a. Michael Jackson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 30, 2010)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Milton Jackson appeals his conviction for being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(e)(1). No reversible error has been shown; we affirm.

On appeal, Jackson argues that his guilty plea is invalid and should be set aside because the district court failed to comply with Fed.R.Crim.P. 11(b)(1)(N): the court's explanation of the sentence appeal waiver differed materially from the explanation of the appeal wavier contained in the plea agreement. Therefore, Jackson contends, he did not fully understand the consequences of his plea and, thus, did not knowingly and voluntarily enter into the plea.

Because Jackson raised no objection about Rule 11 error in the district court, we review his present claim only for plain error. United States v. Camacho, 233 F.3d 1308, 1313 (11th Cir. 2000). "Under the plain error standard, an error is reversible only if it is clear or obvious and affects substantial rights." Id. (internal quotation omitted). On plain-error review, we may review "the whole record when considering the effect of any error on substantial rights." United States v. Monroe, 353 F.3d 1346, 1350 (11th Cir. 2003) (citation omitted).

The district court must "conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000). This general obligation requires the court to

address three core concerns underlying Rule 11: (1) that the guilty plea be free from coercion; (2) that the defendant understand the charges against him; and (3) that the defendant be aware of the direct consequences of his guilty plea. Camacho, 233 F.3d at 1314. Rule 11 directs specifically that the court inform the defendant of, and make sure the defendant understands, certain matters. See Fed.R.Crim.P. 11(b)(1)(A)-(N). In pertinent part, the court is obligated to inform defendant of "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed.R.Crim.P. 11(b)(1)(N).

Jackson's plea agreement provided that he waived "any right to a direct appeal or other review of [his] sentence . . . after conviction except in the case of an upward departure from the guidelines . . . and any claim of ineffective assistance of counsel." At the plea colloquy, the district court addressed the appeal waiver, explaining that Jackson had the right to appeal his sentence in limited circumstances, including "an unconstitutional upward departure . . . a claim of ineffective assistance of counsel, [and] if [his] sentence was imposed in violation of law." The district court did not explain the waiver as it related to collateral attacks.

The court technically may have violated Rule 11 when the court stated that Jackson could appeal his sentence if it was imposed in violation of the law and

when the court did not explain that the waiver agreement applied to collateral attacks, as required by Rule 11(b)(1)(N). But the technical violation and omission do not invalidate the agreement as long as the record reflects that Jackson understood the waiver. See Hernandez-Fraire, 208 F.3d at 950 (we "will uphold a plea colloquy that technically violates Rule 11, but adequately addresses the three core concerns"); United States v. Benitez-Zapata, 131 F.3d 1444, 1445-46 (11th Cir. 1997) (upholding a waiver even though the plea colloquy did not explain all the provisions of the appeal waiver).

And we conclude, upon review of the entire record, that the district court addressed adequately the core concerns of Rule 11 and that Jackson understood the waiver.[*] The court specifically questioned Jackson during the plea colloquy about the sentence-appeal waiver, informing him that the waiver limited his appeal rights; and Jackson indicated that he understood the sentence appeal waiver. Moreover, Jackson also confirmed that he had discussed the plea agreement with his lawyer and that he intended to plead guilty based on the more limited waiver in the plea agreement.

Jackson simply has not shown plain error that affected his substantial rights.

---

[*]That Jackson's plea was free from coercion, that he understood the nature of the charge against him, and that he was advised of the consequences of his guilty plea, other than the appeal waiver provision, is undisputed.

4

He does not demonstrate a reasonable probability that, but for the district court's technically inaccurate explanation of the sentence appeal waiver, he would not have entered the plea. And such a demonstration is required of a defendant who seeks reversal of his conviction after a guilty plea on the ground that the district court committed plain error under Rule 11. United States v. Dominguez Benitez, 124 S.Ct. 2333, 2340 (2004); Gordon v. United States, 518 F.3d 1291, 1298 (11th Cir. 2008) (a violation of Rule 11 prejudices a defendant only when it results in a total or almost total failure to address one of the core concerns).

Even if Jackson did not knowingly and voluntarily agree to the sentence appeal waiver, the proper remedy would be to sever the appeal waiver provision and leave the plea agreement, including Jackson's guilty plea, intact. See United States v. Bushert, 997 F.2d 1343, 1353 (11th Cir. 1993). But Jackson has raised no substantive challenge to his sentence or to the enforceability of the waiver on appeal; instead, he challenges only the validity of the sentence appeal waiver as a means to vacate his entire plea.

AFFIRMED.