[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12811
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00179-MHC-JFK-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JONATHAN CHRISTOPHER SCOTT,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 6, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and LAGOA, Circuit Judges.

LAGOA, Circuit Judge:

Jonathan Scott ("Scott") appeals his 120-month sentence imposed after he pled guilty to possession of a stolen firearm. On appeal, Scott argues that the 120-month sentence is unreasonable under 18 U.S.C. § 3553(a) because the district court failed to consider certain factors concerning his mental health and social history. The government moves to dismiss on the basis that Scott voluntarily and knowingly waived his right to appeal as part of his plea agreement. We grant the government's motion to dismiss Scott's appeal on the basis of that waiver.

## I.    FACTUAL AND PROCEDURAL HISTORY

A grand jury indicted Scott on one count of possessing a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Subsequently, Scott entered into a written plea agreement in which he agreed to plead guilty to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Scott and the government agreed to recommend that the district court impose a sentence of 120 month's imprisonment and further agreed that the sentence of 120 months was "reasonable pursuant to the factors outlined at Title 18, United States Code, Section 3553(a)." The plea agreement also contained an appeal waiver provision that provided as follows:

> 29. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28

2

U.S.C. § 2255) on any ground. Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

The plea agreement, which Scott signed, also contained a defendant's certification in which Scott certified that he understood that "that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding."

## II.    ANALYSIS

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). "An appeal waiver is valid if a defendant enters into it knowingly and voluntarily." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). To enforce a sentence appeal waiver, the government must demonstrate either "(1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *United States v. Grinard–Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (quoting *United States v. Benitez–Zapata*, 131 F.3d 1444, 1446 (11th Cir.1997)). "An appeal

3

waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *Grinard–Henry*, 399 F.3d at 1296.

Here, the transcript of the change of plea hearing shows that the government summarized the terms of the plea agreement, including that Scott was waiving his right to appeal his conviction and sentence, and that the only circumstances not covered by the appeal waiver were if the government appealed or he brought an ineffective assistance of counsel claim. Scott confirmed that he agreed with the description of the plea agreement and that he understood the plea agreement. The district court then specifically discussed the appeal waiver with Scott. Scott affirmed to the district court that he understood that as part of the plea agreement he was giving up the right to appeal the sentence unless the government appealed the sentence, or he raised a claim of ineffective assistance of counsel. Finally, the district court confirmed with Scott's counsel that he and Scott had discussed the appeal waiver and determined that it was in Scott's best interest to agree to the waiver. Given the district court's colloquy with Scott concerning his appeal waiver, we find that Scott's agreement to the appeal waiver was knowing and voluntary.[1] Moreover, neither exception to the appeal waiver applies here—the government has

---

[1] Indeed, Scott states that he and his counsel "are aware that this appeal contravenes the plea agreement," but make no argument that the plea was not entered into voluntarily and freely.

not appealed the sentence, nor does Scott argue that he received constitutionally ineffective assistance of counsel.

Because the appeal waiver is valid and neither exception to the waiver applies, we are precluded from reviewing the merits of Scott's argument that his sentence is unreasonable under § 3553(a).  Accordingly, we grant the government's motion to dismiss.

GRANTED.