[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-13775

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GEOFFREY FERNANDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cr-00360-TCB-JEM-1

_____

Before JILL PRYOR, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Geoffrey Fernando appeals his sentence of 192 months' imprisonment for possessing with intent to distribute fentanyl and for possessing a firearm in furtherance of a drug trafficking crime. On appeal, he argues that the district court plainly erred in failing to ensure he was present during a discussion between the court, the prosecutor, and defense counsel immediately prior to sentencing. The government, in turn, has filed a motion to dismiss Fernando's appeal based on a sentence appeal waiver in his plea agreement. Fernando filed no response to the government's motion to dismiss based on waiver. After thorough review, we dismiss the appeal.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We also review *de novo* whether a defendant knowingly and voluntarily waived his right to appeal his sentence. *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997).

Plea agreements "are like contracts and should be interpreted in accord with what the parties intended." *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005). A sentence appeal waiver found in a plea agreement will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish that a sentence appeal waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the

defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id*. at 1351; *see also* Fed. R. Crim. P. 11(b)(1)(N) (requiring that the district court inform the defendant of the terms of an appeal waiver). The touchstone for assessing whether an appeal waiver was knowing and voluntary is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances. *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020).

An appeal waiver may include a waiver to appeal difficult legal issues, debatable legal issues, or even blatant error. *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999); *United States v. Bascomb*, 451 F.3d 1292, 1296–97 (11th Cir. 2006) (explaining that a defendant, through an appeal waiver, is "free to bargain away his right to raise constitutional issues as well as non-constitutional ones").

Here, Fernando's appeal waiver is enforceable. For starters, the record shows that Fernando knowingly and voluntarily waived his right to appeal his sentence. His plea agreement contained the following language under a heading entitled "Limited Waiver of Appeal":

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding . . . on any ground, except

that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court. Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of the same sentence.

Fernando signed the final page of the plea agreement, which stated that Fernando had read the agreement, reviewed it with his attorney, and agreed to its terms, including the appeal waiver which would "prevent [him], with the narrow exceptions stated, from appealing [his] conviction and sentence."

At Fernando's plea hearing, the district court placed Fernando under oath and the government verified that he had signed the plea agreement. Fernando confirmed that he understood his jury trial rights, that he was not required to plead guilty, that he would be waiving his jury trial rights by pleading guilty, and the potential deportation consequences of his guilty plea. Fernando also confirmed that he understood the two charges he was pleading guilty to and the maximum and mandatory minimum penalties for each count. The court advised Fernando that he was "waiving almost all of [his] appeal rights . . . [which] is a big deal because normally if the defendant loses in the district court, he can appeal."

The court advised Fernando that Fernando was promising he would not appeal unless he received a term of imprisonment longer than the high end of his guideline range, the government initiated an appeal, or he alleged ineffective assistance of counsel. The court further advised Fernando that he would be waiving his right to collaterally attack his sentence and conviction unless the attack was based on ineffective assistance of counsel. Fernando confirmed he understood all these terms and he was entering his guilty plea voluntarily and free of any threats or promises other than those in the plea agreement.

Because the court explicitly discussed the appeal waiver with Fernando during his plea hearing and Fernando indicated that he understood its terms and was freely entering his guilty plea, the waiver was made knowingly and voluntarily. *See Bushert*, 997 F.2d at 1351. As for the issue Fernando now seeks to raise on appeal -- that the district court plainly erred in failing to ensure he was present during a discussion immediately preceding his sentencing hearing -- it is covered under the appeal waiver's provision that Fernando was "waiv[ing] the right to appeal his conviction and sentence . . . on any ground," subject to certain exceptions. Moreover, none of the exceptions apply because: (1) Fernando's 192-month term of imprisonment and 5-year term of supervised release did not constitute an "upward departure or upward variance" from his guideline range term of imprisonment of 322 to 387 months or his guideline range term of supervised release of 5 years to life for one count and 2 to 5 years for the other count; (2) the government did

not initiate the appeal; and (3) Fernando has not alleged ineffective assistance of counsel on appeal.

Notably, the defendant has filed no objection to the government's motion to dismiss his appeal based on the sentence appeal waiver and he has offered us no reason to deny the government's summary application.  Accordingly, there is no basis to conclude that Fernando's appeal waiver is invalid, nor does any exception to the appeal waiver apply.

We GRANT the government's motion to dismiss.