**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-13383

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CHRISTOPHER JUSTIN ANGEL,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:25-cr-00022-WMR-1

————————————

Before NEWSOM, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Christopher Justin Angel appeals his below-guideline 48-month sentence of imprisonment for possession of child pornography, seeking to challenge the reasonableness of his sentence.  The

government, in turn, moves to dismiss the appeal based on the sentence appeal waiver in Angel's plea agreement.  After careful review, we dismiss the appeal.

We review the validity of a sentence appeal waiver de novo. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  We also review de novo whether a defendant knowingly and voluntarily waived his right to appeal his sentence.  *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997).

A sentence appeal waiver found in a plea agreement will be enforced if it was made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993).  To establish that a sentence appeal waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Id*. at 1351; *see also* Fed. R. Crim. P. 11(b)(1)(N) (requiring that the district court inform the defendant of the terms of an appeal waiver).  The touchstone for assessing whether an appeal waiver was knowing and voluntary is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances.  *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020).

Here, the record shows that Angel knowingly and voluntarily waived the right to appeal his sentence.  His plea agreement contained this language under the heading titled "Limited Waiver of Appeal":

To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court. Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

Angel, his counsel, and attorneys for the government signed the plea agreement, which contained this provision. Further, the agreement contained a written certification that Angel had read and understood the charge against him and its elements, and also had read the plea agreement, carefully reviewed it with his attorney, understood its terms and conditions, and voluntarily agreed to them. As for the sentence-appeal waiver provision specifically, Angel acknowledged that he had discussed his right to appeal with his attorney and understood that the waiver prevented him, with

the narrow exceptions stated, from appealing his conviction or sentence or challenging them in a post-conviction proceeding.

At the plea colloquy, Angel confirmed, under oath, that he, *inter alia*: (1) read and understood the original indictment, the current information, discovery, and plea agreement; (2) he had not taken any narcotics, drugs, medicine, or alcohol before court, and had never been treated for a drug or alcohol addiction; (3) he had no history of mental illness; and (4) he understood the rights and procedures he was waiving by pleading guilty. The government then summarized the contents of the plea agreement, including the appeal waiver and its limited exceptions, and then read this provision in full. Angel agreed with the plea agreement's description and confirmed that he understood the agreement's terms and that its recommendations were not binding on the court.

The court then reiterated that as part of Angel's plea agreement, his appeal waiver limited his ability to appeal his sentence to three exceptions: (1) if the court sentenced him above the guideline range calculated by the court; (2) if the government first appealed; or (3) if he had a claim that his lawyer rendered constitutionally ineffective assistance of counsel. Angel said he understood. Angel also affirmed that he understood he could not file a collateral attack of his conviction. Angel confirmed that that, other than what was in the plea agreement itself, no one made him any promises to encourage him to enter into an appeal waiver. Angel's counsel added that he had discussed the appeal waiver with Angel and that they had determined that agreeing to the waiver was in his best interest

in order to obtain the government's agreement to the balance of the terms of the plea agreement. Later, at the sentencing hearing, the court again advised Angel of his right to appeal after it pronounced sentence, and specified that his right to appeal was subject to the terms of the sentence-appeal waiver in his plea agreement.

In short, the record confirms that Angel knowingly and voluntarily waived the right to appeal his sentence. *Bushert*, 997 F.2d at 1350. Further, Angel attempts to argue on appeal that the district court imposed an unreasonable sentence, but none of the exceptions to his appeal waiver applies to this claim. At sentencing, the district court calculated the guideline range as 78 to 97 months, so its chosen 48-month sentence was not the result of an upward departure or variance from the guideline range, notwithstanding that it was above the parties' non-binding joint recommendation. Angel does not allege constitutionally ineffective assistance of counsel. And the government did not initiate an appeal. Thus, none of the exceptions enumerated in the appeal waiver are present, and this appeal is foreclosed by the waiver. Accordingly, Angel has waived his right to raise his claim on appeal.

We grant the government's motion to dismiss the appeal.

**DISMISSED**.